**SIGNED.**

Dated: January 28, 2011



_____
**RANDOLPH J. HAINES
U.S. Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| WILLIAM MICHAEL TODD, | ) | CASE NO. 0:10-bk-15857-RJH |
| | ) | |
| Debtor. | ) | OPINION GRANTING |
| | ) | ADDITIONAL TIME TO FILE |
| | ) | NON-DISCHARGEABILITY |
| _____ | ) | COMPLAINT |

      This case raises two issues: Is notice to the attorney who obtained a state court judgment for a creditor, but who has not appeared in the bankruptcy case, sufficient notice of the deadline to file a nondischargeability action? What kind of evidence is required to rebut the presumption of receipt that is created by the mailbox rule? Based on the undisputed facts presented, the Court concludes that the presumption of receipt has been rebutted, so the creditor's motion for additional time to file a nondischargeability complaint is granted.

## Background Facts

      Creditors Doug and Kimberly McManus obtained a default judgment for $6 million against William Todd for the wrongful death of their daughter, Andrea Ziegler. The judgment was $3 million in compensatory damages and $3 million in punitive damages. Although final judgment was entered against Todd on August 27, 2009, the state court action remains pending against other defendants. McManus took a judgment debtor's exam of Todd in November of 2009, but apparently since that date there have been no collection actions in the state court or other actions taken against Todd.

      Todd filed this chapter 7 case on May 21, 2010. The only address given on Todd's master mailing list for creditor McManus was "c/o Robins & Curtin, 301 E. Bethany Home

Case 0:10-bk-15857-RJH    Doc 39    Filed 01/28/11    Entered 01/28/11 09:51:46    Desc
Main Document    Page 1 of 8

Road Ste B-100, Phoenix, AZ 85012." Robins & Curtin is the law firm that represented McManus in obtaining the state court judgment.

The notice of the first meeting of creditors established a deadline of August 23, 2010, for the filing of complaints objecting to dischargeability of debts. The BNC certificate of mailing for that notice reflects that it was mailed to McManus at their state court law firm's address, "c/o Robins & Curtin."

No complaint objecting to dischargeability was filed by the August 23 deadline. Todd's chapter 7 discharge was granted on August 30, and the BNC certificate of service reflects that it was mailed to McManus at their lawyer's address on that date.

On September 13, McManus, through their attorney Joel Robins, filed a motion seeking additional time to file a nondischargeability complaint "pursuant to Rule 906(b)(1), FRBP" [sic]. Todd opposed that motion. At an initial hearing, the Court asked for additional briefing on the issues of the adequacy of service on a creditor's state court lawyer and on the evidence necessary to rebut the presumption of receipt arising from the "mailbox rule" that is recognized in case law. At a subsequent nonevidentiary hearing, the Court took the matter under advisement.

**Service on Creditor's State Court Lawyer**

The Debtor has provided no excuse for failure to list the Creditor's actual address on the master mailing list. And because there is no evidence of mailing of the notice of deadline to file nondischargeability complaints to the Creditor at his actual address, the burden is upon the Debtor to prove receipt of actual notice by an authorized agent of the Creditor.

In a case virtually on all fours involving discharge of a debt scheduled with an incorrect address, the Ninth Circuit BAP announced a general rule in 1987: "An attorney who has represented a creditor in state court proceedings does not, by virtue of that relationship alone, represent the creditor with respect to that same debt in a federal bankruptcy proceeding."[1] Two years later, however, the Ninth Circuit held that notice of a bankruptcy case was sufficient if timely received by the creditor's attorney "[a]t [the] time he was pursuing the same claim in

---

[1] *Lubeck v. Littlefield's Rest. Corp. (In re Fauchier)*, 71 B.R. 212, 215 (9th Cir. BAP 1987).

state court that the [creditor] now seeks to have declared nondischargeable."[2] That opinion cited a Third Circuit opinion that emphasized for the notice to be deemed received by the creditor through an authorized agent, the evidence must demonstrate that it was received by his lawyer "while representing his client in enforcing a claim against the bankrupt."[3] Because the judgment debtor is not a "bankrupt" until the bankruptcy case is filed, that holding clearly implies the evidence must show the lawyer was seeking to enforce collection of the debt <u>after</u> the bankruptcy was filed. The Ninth Circuit BAP recently stated this holding succinctly: "[a]n implied agency to receive service is not established by representing a client in an earlier action."[4]

Here, there is no evidence that Robins & Curtin was representing McManus or seeking to collect the debt after this bankruptcy case was filed on May 21, 2010. There is only the Debtor's argument that twice during 2010 the Creditor's lawyer attempted to reschedule debtor's exams, but there is no suggestion that it occurred after the bankruptcy case was filed. The Debtor's additional arguments based on the law firm's statements and declarations that it would have taken action if it had received notice of the bankruptcy do not constitute evidence of representation.

The Court therefore concludes that the Debtor has failed to satisfy his burden of demonstrating receipt of actual notice by an authorized agent.

**Nature of Evidence Necessary to Rebut Presumption of Receipt**

Even if notice to a creditor's state court lawyer is sufficient, it remains necessary to determine whether such notice was actually given. This issue implicates the nature and extent of the evidence necessary to rebut the presumption of receipt created by the mailbox rule.

Before addressing the mailbox rule, however, it is important to note this is not an issue of service of process. Most motions in contested matters and adversary complaints are

---

[2] *Lompa v. Price (In re Price)*, 871 F.2d 97, 99 (9th Cir. 1989).

[3] *Id.*, citing *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985)("while representing the creditor in enforcing a claim against the debtor").

[4] *Beneficial Cal., Inc. v. Villar (In re Villar)*, 317 B.R. 88, 93 (9th Cir. BAP 2004).

required to be "served" by Bankruptcy Rules 7004 and 9014(b).[5] Service is a highly technical term that functions both to provide notice and for the court to acquire personal jurisdiction over the party. Rule 7004(b)(1) authorizes such service to be made by first class mail. When that method of service is utilized, the service is complete upon mailing, so the adequacy of such service does not depend on either the receipt of the mailing or a presumption of such receipt.[6]

But the issue before the Court here is not "service," but rather "notice." No Bankruptcy Rule requires "service" of the deadline to file nondischargeability complaints. Instead, Code § 523(c) and Bankruptcy Rule 4007(c)[7] merely require that creditors be given "notice" "in the manner provided in Rule 2002." Rule 2002 does not require "service," and although it does require that creditors be given "notice by mail" it does not imply that such notice is deemed given upon mailing.

The issue therefore before the Court is not whether the notice was mailed, but whether the notice was actually received, and that is what implicates the mailbox rule and raises the issue of the nature and sufficiency of the evidence necessary to rebut its judge-made presumption of receipt.

Debtor maintains that the evidence must be more than evidence tending to prove non-receipt, such as evidence that the notice was never mailed or evidence that the mail was never delivered. Creditor maintains that evidence of nonreceipt coupled with specific evidence of standard mail handling procedures is sufficient to rebut the presumption. Ninth Circuit case law seems to provide the answer for which the creditor argues here.

---

[5] Except as otherwise indicated, all chapter, section and rule references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[6] *Bak v. Vincze (In re Vincze)*, 230 F.3d 297 (7th Cir. 2000); *Flores v. Safadi (In re Safadi)*, 431 B.R. 478 (Bankr. D. Ariz. 2010).

[7] And because the deadline for filing a nondischargeability complaint is governed by Rule 4007(c), which contains its own provision for extension of the time by motion filed before the time has expired, Rule 9006(b)(3) expressly prohibits enlargement of that time on any other terms and the principles of excusable neglect as addressed in *Pioneer Ins. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993) do not apply. *Herndon v. De La Cruz (In re De La Cruz)*, 176 B.R. 19, 24 (9th Cir. BAP 1994).

4
Case 0:10-bk-15857-RJH    Doc 39    Filed 01/28/11    Entered 01/28/11 09:51:46    Desc
Main Document    Page 4 of 8

In *Bucknum*,[8] the bankruptcy court had dismissed a nondischargeability complaint as having been untimely filed, and found that the presumption of receipt had not been overcome by the creditor's declaration that it had never received the notice of the bankruptcy and deadline to file. The Ninth Circuit's actual holding was that the adequacy of notice was a factual issue as to which the appellate court must defer to the trier of fact absent clear error. But in the course of finding no such error, the opinion stated (in what probably constitutes dictum) that the presumption of receipt cannot be overcome simply by an affidavit of nonreceipt.[9] That same dictum quoted from a concurrence in the BAP decision that the "presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished."[10] This quote from a BAP concurring opinion is one of the principal authorities the Debtor relies on to argue that the evidence necessary to overcome the presumption of receipt must be more than evidence of nonreceipt, such as evidence that the mailing did not occur.

More recently, however, the Ninth Circuit has held that the mailbox rule's presumption of receipt *can* be overcome by evidence of nonreceipt. In *Nunley*,[11] the Court addressed the presumption of receipt created by the "common law mailbox rule" in the context of FRAP Rule 4(a)(6). The Ninth Circuit appeared to adopt the "bursting bubble" approach to such presumptions, holding that "when a movant specifically denies receipt of notice, a district judge must then weigh the evidence and make a considered factual determination concerning receipt . . . ."[12] That holding appears to mean that the presumption may be rebutted by specific denial of receipt. Once rebutted, the evidence must be weighed. Of course this leaves it to the

---

[8] *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204 (9th Cir. 1991).

[9] *Id.* at 206-07, quoting *Osborn v. Ricketts (In re Ricketts)*, 80 B.R. 495, 497 (9th Cir. BAP 1987).

[10] *Ricketts*, 80 B.R. at 498-99 (Jones, J., concurring).

[11] *Nunley v. City of Los Angeles*, 52 F.3d 792, 795-97 (9th Cir. 1995).

[12] *Id.* at 796.

fact finder whether, under the specific facts, the bare denial of receipt is sufficient to carry the movant's burden of proof.

The BAP's most recent consideration of the issue was in *Williams*,[13] There the movant did present evidence of mail handling procedures, but the bankruptcy court found such evidence insufficient to carry the burden of proof, and the BAP affirmed. In so doing, the BAP noted that the denial of receipt had rebutted the presumption which meant the evidence must be weighed. On appeal, the movant argued that its evidence of mail handling procedures went beyond mere denial of receipt, which the BAP acknowledged. But the BAP held that such evidence "does not ***require*** a conclusion that the presumption has been overcome."[14] The opinion went on to quote from *Ricketts* that "more positive evidence was in order," such as evidence that the mailing did not occur or that other creditors did not receive the notice.[15] It concluded by noting that such cases "illustrate the requirement that evidence of an objective nature going beyond the claimant's statement of non-receipt is necessary."[16]

Again, *Williams* is one of the principal authorities debtor relies on for his argument that in order to overcome the presumption of receipt, the movant must present more than evidence of nonreceipt. But that is not actually the holding of *Williams*. In the context where the BAP is affirming the bankruptcy court's finding of receipt, its statement must be understood as explaining, in dictum, what might be required for the appellate court to conclude that the bankruptcy court made clear error in its factual conclusion. It should not be taken as a holding, as a matter of law, that such evidence of nonreceipt including evidence of standard mail handling procedures, is never sufficient to support the fact finder's finding that the movant has carried the burden of proving nonreceipt. To the contrary, the opinion's recognition that denial of receipt rebuts the presumption "which is then weighed against the declaration of non-receipt

---

[13] *Cuna Mut. Ins. Group v. Williams (In re Williams)*, 185 B.R. 598 (9th Cir. BAP 1995).

[14] *Id.* at 600 (emphasis added).

[15] *Id.*

[16] *Id.*

Case 0:10-bk-15857-RJH    Doc 39    Filed 01/28/11    Entered 01/28/11 09:51:46    Desc
Main Document    Page 6 of 8

together with any other evidence submitted" implies that if the bankruptcy court had weighed the evidence and found nonreceipt, that conclusion would also have been affirmed as not being "clear error."[17]

So the holdings of *Bucknum*, *Nunley* and *Williams* are that the presumption created by the mailbox rule can be rebutted by specific evidence of nonreceipt, and then the trier of fact must weigh the evidence. Here, there is certainly sufficient specific evidence of nonreceipt provided by the affidavits from virtually everyone in the law office. This Court must therefore weigh the evidence.

In weighing the evidence, the Court finds and concludes that the pronderance of the evidence establishes that the notice was not received. The Court bases this finding on primarily three factors. First, the evidence of specific, precise and detailed mail handling procedures has been provided, and is unrebutted. Affidavits have been submitted from the firm's receptionist, legal assistant, file clerk, and three lawyers, none of whom saw the notice and each whom had responsibility and would have responded if such a notice had been seen. Under those procedures, notice of a bankruptcy filing by such a notorious defendant would not have escaped notice and immediate action by the firm. As the Central District of California recently concluded, this evidence "is plenty sufficient to rebut the presumption of receipt," it "accounted for every [potentially percipient] attorney and staff member" at the law firm, and such facts "go way beyond what the appellant proffered unsuccessfully in the case [debtor] relies on most heavily,"[18] *Williams*.

Second, given the law firm's significant involvement in obtaining a very large judgment in a high-profile case, there is really no doubt that notice of the bankruptcy received by anyone in the law firm would have been a matter of immediate and serious concern and

---

[17] *Id.*

[18] *In re Baron*, 2010 WL 2354341 at *6 (C.D. Cal. June 8, 2010). *Accord*, *Artesia, Inc. v. Brown (In re Realia, Inc.)*, 2009 WL 775413 at *3 (D. Ariz. March 23, 2009)("This declaration is sufficient to rebut the presumption . . . . Not only did [defendant's president] swear that she did not receive the summons, she also described the procedure for processing mail . . . ."); *Moglia v. King Marine, Inc. (In re Outboard Marine Corp.)*, 369 B.R. 353, 360 (Bankr. N.D. Ill. 2007).

would have been brought to the actual knowledge of the lawyers involved in obtaining that judgment.

Third, there would be no benefit to the law firm in ignoring such notice once it had been received. This is not a situation where a party could benefit from delay. This conclusion is well supported by the firm's prompt and decisive action immediately upon receipt of notice of the entry of discharge: within about a week, it filed a motion for extension of time supported by six affidavits.

After weighing the evidence, the Court is of the firm conclusion that notice of the deadline to file a nondischargeability complaint was not received by an authorized agent. Both due process and Bankruptcy Rule 4007(c) therefore require that McManus' motion be granted and that McManus be given until 30 days after receipt of this ruling to file a nondischargeability complaint.

DATED AND SIGNED ABOVE

Copy of the foregoing e-mailed
this 28th day of January, 2011, to:

Richard M. Lorenzen, Esq.
Perkins Coie LLP
rlorenzen@perkinscoie.com
Attorneys for Debtor

Joel B. Robbins, Esq.
Robbins & Curtin PLLC
joel@robbinsandcurtin.com
Attorneys for Doug & Kimberly McManus

/s/ Pat Denk
Judicial Assistant